Ms. Cobbie LUCKETT, Individually, on Behalf of All Wrongful Death Beneficiaries of Leroy Luckett, Deceased, and as Administratrix of the Estate of Leroy Luckett, Deceased Plaintiff

v.

CHOCTAW MAID FARMS, INC., Freightliner Corporation, Freightliner LLC, Cummins Engine Company, Inc., Cummins, Inc., Ryder Truck Rental, Inc. and Defendant Does 1–10 Defendants

No. CIV.A.3:03 CV 215BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 19, 2004.

Phillip J. Brookins and John L. Walker, Walker & Walker, PLLC of Jackson, MS; Joe Tatum, Tatum & Wade, PLLC of Jackson, MS, for Plaintiff.

Keith R. Raulston, Watkins, Ludlam, Winter & Stennis, P.A., of Jackson, MS, for Defendant Choctaw Maid Farms, Inc.

David L. Ayers and Cecelia Cameron, Watkins & Eager, PLLC, of Jackson, MS, for Defendant Freightliner LLC.

W. Scott Welch, III, Butler, Snow, O'Mara, Stevens & Cannada, PLLC, of Jackson, MS, for Defendant Ryder Truck Rental, Inc.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Plaintiff's Motion to Remand. Having considered the Motion, Response, Rebuttal, attachments to each, and supporting and opposing authority, the Court finds that Plaintiff's Motion to Remand is well taken and should be granted.

### I. Background and Procedural History

This cause of action arises out of a single vehicle, tractor-trailer accident in which Plaintiff's decedent, Leroy Luckett (hereinafter "L. Luckett") was killed.[1] L. Luckett was employed by Danny Hawkins Trucking Company (hereinafter "Hawkins Trucking")[2], which in turn was under contract with Choctaw Maid Farms, Inc. (hereafter "Choctaw Maid")[3] to haul chicken. On September 27, 1999, L. Luckett was hauling a load of empty chicken coops for Choctaw Maid. While driving on Highway 28 in Smith County, Mississippi, L. Luckett's tractor-trailer struck a cow, causing the vehicle to veer off of the east side of the highway. The vehicle flipped at least once, then burned with L. Luckett trapped in the cab.

Plaintiff filed the subject suit on September 25, 2002, in the Circuit Court of the First Judicial District of Hinds County, Mississippi. The First Amended Complaint was filed on February 4, 2003. In addition to Choctaw Maid, the Defendants named in the Amended Complaint are Freightliner Corporation and Freightliner LLC (hereinafter collectively "Freightliner")[4], Cummins Engine Company and Inc., Cummins, Inc. (hereinafter collectively "Cummins")[5] and Ryder Truck Rental, Inc. (hereinafter "Ryder")[6]. Plaintiff alleges that Choctaw Maid was negligent: (1) by selecting an improper trailer to be hauled by L. Luckett; (2) by improperly attaching its trailer to L. Luckett's tractor; (3) by failing to properly load the cargo on the trailer; (4) by failing to properly secure the cargo on the trailer; and (5) by failing to properly repair, maintain and inspect the trailer. The claims against Freightliner and Ryder are based on products liability law.

Defendant Freightliner removed the case to this Court on February 10, 2003, on diversity of citizenship grounds. The Notice of Removal was timely joined by the Ryder. Freightliner and Ryder contend that Choctaw Maid, the only nondiverse Defendant, was fraudulently joined in this case. Plaintiff filed the subject Motion to Remand on February 19, 2003. After the filing of the Motion to Remand, the parties were granted a period of remand-related discovery. With the completion of said discovery, the Motion to Remand is now ripe for consideration.

### II. Fraudulent Joinder Standard

 Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of

---

1. Plaintiff is an adult resident citizen of Mississippi.

2. Hawkins Trucking is not a party to this suit. Plaintiff previously sought redress from Hawkins Trucking through the workers' compensation laws of the State of Mississippi.

3. Choctaw Maid is incorporated under the laws of the State of Mississippi, with its principal place of business in Mississippi.

4. Freightliner was incorrectly designated in the Amended Complaint as two separate entities; it is but a single entity known as Freightliner LLC. Freightliner is incorporated under the laws of a state other than Mississippi, and has its principal place of business outside of Mississippi.

5. The Cummins Defendants have been dismissed from this cause of action.

6. Ryder is incorporated under the laws of a state other than Mississippi, and has its principal place of business outside of Mississippi.

which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin*, 882 F.2d at 190. To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)).

■ When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995). However, "the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333–34 (5th Cir.2004). Even under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000).

■ In *Travis*, the United States Court of Appeals for the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question. The *Travis* court held:

> [T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not merely theoretical.

*Travis*, 326 F.3d at 648 (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002)). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392–93 (5th Cir.2000). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *Badon*, 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Id.*

■ When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992), but "*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon*, 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)).

When analyzing the issues, the court must consider the status of discovery in the case. *McKee*, 358 F.3d 329, 333–34. In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan*, 989 F.2d at 816.

### III. Analysis—Fraudulent Joinder

Diversity of citizenship jurisdiction requires satisfaction of the following two factors: (1) amount in controversy; and (2) diversity of citizenship. These requirements are set forth in 28 U.S.C. § 1332(a), which states in relevant part "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States. . . ." The subject Complaint does not specify a dollar amount of damages sought by Plaintiff. However, the Notice of Removal alleges an amount in controversy exceeding $75,000, and this allegation is admitted in Plaintiff's Motion to Remand. The Court therefore finds that the amount in controversy requirement of § 1332(a) is met.

The issue to be resolved is whether the only non-diverse Defendant, Choctaw Maid, was fraudulently joined. If one or more of Plaintiff's claims against Choctaw Maid represent a claim or claims for which a Mississippi state court may grant relief, then Defendants' fraudulent joinder arguments necessarily fail. As analyzed below, at least one of Plaintiff's claims against Choctaw Maid passes this test.

Choctaw Maid does not dispute that it owned, and was responsible for maintenance of the trailer that L. Luckett was hauling on the day of the accident. One of Plaintiff's claims is that Choctaw Maid was negligent in maintaining the trailer. In particular, Plaintiff contends that Choctaw Maid negligently failed to properly maintain the brake system on the trailer, and that improper maintenance of the brake system caused or contributed to the accident in question.

In support of her contention that defective maintenance of the brakes caused L. Luckett's accident, Plaintiff produced two expert reports prepared by purported accident reconstruction experts. One of the purported experts is Donald L. Asa, and the other is Victor E. Holloman, P.E. The expert qualifications of Asa are somewhat suspect. The Court therefore relies on the report of Holloman, who is a licensed engineer.[7]

Holloman's report is attached as Exhibit "9" to Plaintiff's Response and Evidence in Support of Motion to Remand. In the report, Holloman attributes the cause of the subject accident to improperly functioning brakes on the trailer. Holloman attributes the brake malfunction to improper maintenance by Choctaw Maid. Regarding Holloman's conclusion that Choctaw Maid failed to properly maintain the brake system, he relies in part on the maintenance records of Choctaw Maid for the subject trailer. On a maintenance record dated April 30, 1999, the mechanic's note states "need brake job." The subject accident occurred on September 27, 1999. Between April 30 and September 27, the maintenance records indicate that the brakes on the trailer were "adjusted," but not overhauled. From these notations, a reasonable inference can be drawn that an

---

7. By declining to rely on Asa's opinion, this Court is not definitively finding that he does not meet the qualifications of an expert in the field of accident reconstruction.

"adjustment" to the brakes did not equate to a "brake job," or overhaul of the brake system.

Holloman also relies on the subject Mississippi Uniform Accident Report and accompanying Supplement to the Report. This document is attached as Exhibit "1" to Plaintiff's Response and Evidence in Support of Motion to Remand. The Accident Report indicates that the left tire of the trailer L. Luckett was towing skidded for approximately four hundred and eleven feet prior to the vehicle leaving the road, and that the right trailer tire did not skid at all. Holloman concludes that the improper failure of the brake system for the right trailer tire caused: (1) a reduced overall braking effect, which caused or contributed to the accident; and/or (2) loss of control of the vehicle, which caused or contributed to the accident. Holloman's opinions create an issue of fact as to whether Choctaw Maid was negligent in maintaining the brake system on the subject trailer.

Based on the foregoing evidence, the Court finds that Plaintiff has adequately stated a claim for improper vehicle maintenance against Choctaw Maid, and that the improper maintenance claim represents a cause for which a Mississippi state court *may* grant relief. Accordingly, Plaintiff's Motion to Remand must be granted.

## IV. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [13–1] is hereby granted. The Clerk of the Court is hereby ordered to remand this case to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

IT IS FURTHER ORDERED that any other Motion(s) outstanding in this case that were filed before the date of this Opinion are hereby dismissed without prejudice, because this Court does not have jurisdiction to decide them. The Movant(s), of course, may re-file the dismissed Motion(s) in state court upon remand.