United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60343
Summary Calendar

_____

WILLIAM C. SMITH, III,

Plaintiff-Appellant,

versus

AMOCO CORP.; PANTRY, INC., doing
business as PANTRY STORE #3431;
DAVID JOHNSON; JOHN DOES, 1-10,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(3:03-CV-242-BN)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

This case implicates application of the fraudulent-joinder doctrine in connection with removal and remand of diversity cases. Plaintiff-Appellant William C. Smith III seeks reversal of the district court's dismissal of co-Defendant-Appellee David Johnson, the only non-diverse defendant named by Smith. After first determining that Smith's notice of appeal from the district court's dismissal order was timely, and that we have appellate

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction, we affirm the ruling appealed for essentially the reasons expressed by that court.

I.

Smith filed suit in Mississippi state court seeking damages for personal injuries that he allegedly incurred as an innocent invitee during an armed robbery of a business belonging to one or more of the diverse co-defendants. They removed the case to district court, contending that Johnson had been joined solely to defeat federal diversity jurisdiction. The diverse co-defendants argued that Smith's joinder of Johnson was fraudulent because, under the applicable substantive law of Mississippi, Smith does not have any possibility of recovery against Johnson.

Smith insists on appeal, as he did in the district court, that Mississippi law is at least ambiguous as to whether he could conceivably recover against Johnson. Smith argues that ambiguity prevents reaching a conclusion that the law is well settled, without which there can be no determination that he has no possibility of recovery against Johnson. As such, asserts Smith, joinder was not fraudulent and the case must be remanded to the state court in which it was originally filed.

After allowing time for "remand discovery," the district court tested Smith's action against Johnson under our most recent expression of the applicable test,[1] and concluded that Smith's

---

[1] "[T]he court determines whether [the plaintiff] has <u>any possibility of recovery</u> against the party whose joinder is

2

joinder of Johnson could not pass our test. In so doing, the court analyzed Johnson's employment as an agent of his diverse co-defendants in the framework of applicable Mississippi law. Based on Smith's allegations and discovery, the court noted the extent of the duties, responsibilities, and authority vested in Johnson by his principals relative to management of the business where Smith was injured, both generally and as to safety and security of invitees like Smith, and concluded that Smith could not prevail against Johnson under Mississippi law.

## II.

As we agree with all the parties that oral argument should be dispensed with in this appeal, we decide it on the basis of the facts and law as presented in the appellate briefs of the parties and the record on appeal, including the orders and opinions of the district court. In the end, our review of the briefs and record and our independent analysis of the law applicable to the operative facts of this case lead us to the same conclusion reached by the district court. Johnson was not employed as a full time, onsite manager or supervisor at the store where the incident occurred. At all times relevant to Smith's claims, Johnson served as a mid-level supervisor of a number of stores, reporting to one or more higher-

---

questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable not merely theoretical." Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003)(emphasis in original).

3

level supervisors. Johnson did not have responsibility or authority to take steps or institute procedures regarding patron safety at the several store locations that were under his remote supervision.

Despite being allowed sufficient time for remand discovery, Smith failed to establish that Johnson was vested with either onsite responsibility or supervisory responsibility for conditions affecting customer safety at the store in question or, for that matter, any of the other stores for which Johnson had general merchandising and personnel responsibility. Neither did Smith establish that Johnson had —— and ignored —— specific knowledge of the alleged deficiencies in safety precautions for the property where the incident occurred. Under well-established Mississippi law, as correctly explicated by the district court, Smith has not shown that the instant situation was one in which an agent such as Johnson could be held personally liable for unsafe conditions at the premises in question. The district court correctly concluded that Smith had no reasonable possibility of recovery against Johnson.


III.

The district court committed no error in dismissing Johnson as a fraudulently joined defendant in Smith's personal injury action. It follows that, in the absence of any non-diverse defendant,

4

removal on grounds of fraudulent joinder was proper, as was denial of remand.  The rulings and orders of the district court implicated in this appeal are, in all respects,

AFFIRMED.