**Fay LUNDY and Joel Lundy Plaintiffs**

v.

**CLIBURN TRUCK LINES, INC., Conoco, Inc., Individually, A/K/A Conoco Gas and Marketing, A Division of Conoco, Inc., and F/K/A Du Pont Holdings, Inc.; Concophillips Company; "John Doe" Defendants # 1–100, and "John Doe" Defendants # 101–200 Defendants**

No. CIV.A. 3:05CV477.

United States District Court, S.D. Mississippi, Jackson Division.

Oct. 26, 2005.

---

John Arthur Eaves, Jr., John Arthur Eaves Law Office, Louis H. Watson, Jr., Louis H. Watson, Jr., PA, Jackson, MS, for Plaintiffs.

Kenneth W. Barton, Malissa Wilson Winfield, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Defendants.

**SUPERSEDING OPINION AND ORDER**

BARBOUR, District Judge.

THIS OPINION AND ORDER SUPERSEDES AND SUPPLANTS THE UNSIGNED AND UNDATED OPINION AND ORDER FILED WITH THE CLERK OF THE COURT IN THIS CAUSE OF ACTION ON OCTOBER 25, 2005, UNDER DOCKET ENTRY NO. 14.

This cause is before the Court on the Motion to Remand of Plaintiffs Fay Lundy and Joel Lundy (hereinafter respectively "F. Lundy" and "J. Lundy"). Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

## I. Factual Background and Procedural History

In this cause of action, Plaintiff F. Lundy[1] alleges that she suffers from Acute Myelogenous Leukemia (hereinafter "AML") as a result of exposure to carcinogens while working at various Conoco convenience stores from 1986 through 1999. The carcinogen which allegedly caused F. Lundy's AML condition is benzene, an ingredient in some gasoline products. Defendants Conoco, Inc. and ConocoPhillips Company (hereinafter collectively "Conoco")[2] allegedly refined and produced the gasoline in question, and Defendant Cliburn Tank Lines, Inc. (hereinafter "Cliburn Tank Lines")[3] allegedly supplied and distributed the gasoline.

In summary, Plaintiffs allege that:

1. F. Lundy and her husband, Defendant J. Lundy, are both adult resident citizens of the State of Mississippi. J. Lundy's claims derive from the claims and damages of F. Lundy.

2. ConocoPhillips Company is the successor in interest to Conoco, Inc. Both of the Conoco Defendants were/are incorporated in a state or states other than Mississippi, and their principal places of business were/are in a state or states other than Mississippi.

3. Defendant Cliburn Tank Lines was incorrectly named in the Complaint as Cliburn Truck Lines, Inc. Cliburn Tank Lines is incorporated under the laws of the State of Missis-

Defendants are liable in their capacity for refining, producing, manufacturing, selling, marketing, distributing, and/or designing products that were defective, hazardous and/or carcinogenic. Defendants are liable in their capacity as refiners, distributors, suppliers, manufacturers, entities that marketed hazardous chemicals or substances, as entities that retained the right to control or exercised control over Plaintiff Lundy, and/or creators of dangerous conditions. Defendants failed to warn employees ... of the dangers associated with occupational exposure to these substances.

Complaint, p. 4, ¶ 12.

The subject Complaint was filed in the Circuit Court of the Second Judicial District of Hinds County, Mississippi on July 1, 2005. The claims in the Complaint are: count one, products liability under the Mississippi Products Liability Act; count two, negligence; and count three, breach of warranties. Plaintiffs seek an unspecified amount of both compensatory and punitive damages.

Defendants removed the case to this Court on July 29, 2005. The basis for removal was diversity of citizenship under 28 U.S.C. § 1332. Defendants allege that the only non-diverse Defendant, Cliburn Tank Lines, was fraudulently joined to defeat diversity of citizenship. The instant Motion to Remand was filed by Plaintiffs on August 29, 2005. That Motion is now ripe for consideration.

**Fraudulent Joinder Standard [4]**

■ The initial step in any fraudulent joinder analysis is determining whether "common defenses" apply to both the diverse and non-diverse defendant(s). A common defense is described as a defense, which if successfully argued by a movant who asserts fraudulent joinder, is equally dispositive of *both* the non-diverse defendants *and* the diverse defendants. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir.2004) (*en banc*). If a common defense is involved in a movant's fraudulent joinder argument, then the Court must also consider if a successful outcome to the argument will result in the dismissal of *all* claims against *all* defendants. The importance of this step of the analysis is described by the Fifth Circuit in *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636 (5th Cir.2004).

If that court should determine that the limitations defense in question is dispositive of *all* claims against *all* defendants, then *Smallwood* would require remand to state court (where, presumably, the entire case would be dismissed). If, however, the district court should determine that the [ ] defense is not dispositive of every claim against every defendant, it should continue to deny remand and proceed with the proper disposition of the case.

*Id.* at 638–39 (emphasis in original). Under the holdings in *Smallwood* and *Rainwater*, if a common defense disposes of all claims against all defendants, then the case must be remanded to state court. If it does not, then the fraudulent joinder analysis continues as follows.

■ Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the

---

sippi, and its principal place of business is in Mississippi as well.

**4.** "Fraudulent joinder" is called "improper joinder" in some Opinions rendered by the Fifth Circuit.

burden of proving that the federal court has jurisdiction to hear the case. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving [ ] fraud" in the joinder of the non-diverse defendant. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989). To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)).

■ When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995). However, "the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir., 2004). Even under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000).

■ In *Travis*, the United States Court of Appeals for the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question. The *Travis* court held:

[T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable,* not merely theoretical.

*Travis,* 326 F.3d at 648 (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002)). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392–93 (5th Cir.2000). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *Badon,* 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the instate defendant." *Id.*

■ When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992). This precludes a federal court from applying an *Erie* analysis in determining a fraudulent joinder issue. However, a plaintiff can defeat a defendant's fraudulent joinder argument "*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon,* 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-di-

verse defendant, *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Also, when analyzing the issues the court must consider the status of discovery in the case. *McKee*, 358 F.3d at 334. In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan*, 989 F.2d at 816.

## III. Analysis

As indicated in the previous subsection of this Opinion, the first required step in this fraudulent joinder analysis is determining whether Defendants' arguments pertain to a common defense, which if successfully argued, would result in the dismissal of *all* claims against *all* Defendants. The potential dismissal of the claims against Cliburn Tank Lines has no effect on the claims against Conoco. Accordingly, the Court finds that the common defense issue articulated in *Smallwood* does not operate as a bar to further consideration of Defendants' fraudulent joinder argument.

Diversity of citizenship jurisdiction requires satisfaction of the following two factors: (1) amount in controversy; and (2) diversity of citizenship. These requirements are set forth in 28 U.S.C. § 1332(a), which states in relevant part "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controver-

sy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ."

The subject Complaint does not specify a dollar amount of damages sought by Plaintiffs. However, Defendants allege through the Notice of Removal that the amount in controversy exceeds $75,000, and this allegation is not denied by Plaintiffs. Based on Plaintiffs' silence on the amount in controversy issue, and based on the nature of the subject claims, the Court finds that the amount in controversy requirement of § 1332(a) is met. Therefore, the issue to be resolved is whether Cliburn Tank Lines, the only non-diverse Defendant, was fraudulently joined.[5]

■ Through the Motion to Remand, Plaintiffs contend that Cliburn was a properly joined Defendant. In response to the Motion to Remand, Defendants provided the sworn affidavit of Donald Cliburn (hereinafter "D. Cliburn"), the President of Cliburn Tank Lines.[6] D. Cliburn asserts that "Cliburn Tank Lines was hired by DeWeese Enterprises, Inc. and Sumrall Oil Services, Inc. to pick up and deliver gasoline to certain Conoco-branded Super Stop convenience stores in Mississippi." Affidavit, ¶ 4. Cliburn Tank Lines had no control over the employees or premises to which the gasoline was delivered. *Id.* at ¶ 7. D. Cliburn further attests that Cliburn Tank Lines does not buy, sell, wholesale, retail or manufacture gasoline products, and that it did not design, test, package, market, advertise, label, alter or modify the gasoline in issue. *Id.* at ¶¶ 4–5. D. Cliburn finally states that "[a]t all times

---

**5.** Plaintiffs also sued " 'John Doe' Defendants #1–100" and " 'John Doe' Defendants #101–200." Under 28 U.S.C. § 1441(a), "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." Therefore, the uniden-

tified Defendants are disregarded in this diversity of citizenship analysis.

**6.** D. Cliburn's affidavit is attached as Exhibit "A" to Defendants' Response to the Motion to Remand.

relevant herein, neither Cliburn Tank Lines nor I had any knowledge or information about benzene or any alleged dangers associated with benzene in gasoline." *Id.* at ¶ 6.

In response to the evidence presented in D. Cliburn's affidavit, Plaintiffs argue that "[t]he Complaint of the Plaintiffs is clear, all Defendants had actual or constructive knowledge about the health hazards inherent in the chemical-containing products they were selling, manufacturing or distributing." Plaintiffs' Memorandum in Support of their Reply to ConocoPhillips Opposition to Plaintiffs' Motion to Remand, p. 2. Plaintiffs further argue that the allegations in the Complaint, in and of themselves, "should sufficiently demonstrate that the Plaintiffs allege clear, viable and prosecutable allegations against Cliburn under Mississippi law." *Id.*

Because plaintiffs apparently believe that they can defeat federal diversity jurisdiction by merely pointing to allegations in the Complaint, they submitted no *evidence* rebutting the contentions in D. Cliburn's affidavit. Plaintiffs' belief is mistaken. As the *Smallwood* court held, there are cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood,* 385 F.3d at 573 (citation omitted). A district court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support claims against a nondiverse defendant. *Badon,* 224 F.3d at 394 (citation omitted).

This Court finds that the subject claims against Cliburn Tank Lines fall under the purview of claims for which underlying facts have been misstated, as contemplated by the *Smallwood* court. The Lundys fa-

tally erred by simply relying on the allegations in the Complaint to defeat diversity citizenship. *See Beck,* 204 F.3d at 633 (holding that a plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings."). In the absence of proof to the contrary, the Court finds that the assertions in D. Cliburn's affidavit must be taken as true. *See Badon,* 224 F.3d at 394 (holding that a plaintiff can defeat a defendant's fraudulent joinder argument *"only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts.").

In light of the unrebutted assertions in D. Cliburn's affidavit, the Court finally finds that Plaintiffs have failed to assert claims against Cliburn Tank Lines for which relief may be granted. Cliburn Tank Lines was merely a deliverer of gasoline from the seller to the buyer. Cliburn Tank Lines had nothing to do with the design, manufacture or sale of the gasoline, and it had no reasonable knowledge of the alleged dangerous nature of benzene as an additive to gasoline. Under these facts, Cliburn Tank Lines must be dismissed from this case, and Plaintiffs' Motion to Remand must be denied.

### IV. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion to Remand of Plaintiffs Fay Lundy and Joel Lundy (docket entry no. 7) is hereby denied.

IT IS FURTHER ORDERED that Defendant Cliburn Tank Lines, Inc., incorrectly named in the Complaint as Cliburn Truck Lines, Inc., is hereby dismissed from this case with prejudice.