**Elvia PACHECO, Plaintiff,**

v.

**ZANIOS FOODS, INC. and Steve Reyes, Defendants.**

**No. EP–06–CV–185–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Aug. 25, 2006.

---

Michael Rudy Wyatt, Scherr & Legate, PLLC, El Paso, TX, for Plaintiff.

Chris Marie Borunda, Ray Valdez McChristian & Jeans a Professional Corporation, El Paso, TX, for Defendant Zanios Foods, Inc.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

MARTINEZ, District Judge.

On this day, the Court considered Plaintiff Elvia Pacheco's ("Plaintiff") "Motion to Remand and for Costs and Briefs in Support" ("Motion"), filed on June 23, 2006, and Defendant Zanios Foods, Inc.'s ("Zanios") "Response of Zanios Foods, Inc. to Plaintiff's Motion to Remand" ("Response"),[1] filed on June 30, 2006 in the above-captioned cause. After due consideration, the Court is of the opinion that Plaintiff's Motion to Remand should be denied for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2006, Plaintiff filed her original complaint in the 210th District Court for El Paso County, Texas. Def.'s Notice of Removal 1. In her complaint, Plaintiff asserts claims of intentional infliction of emotional distress against Zanios and Defendant Steve Reyes ("Reyes"), and additionally asserts claims of sexual harassment and sexual discrimination against Zanios only.[2] Id., Ex. A., Pl.'s Orig. Pet. 2–4. Plaintiff is a resident of El Paso, Texas. Id. at 1. Zanios is a New Mexico corporation with its principal office also in New Mexico. Id. at 2. Reyes's last known address is in El Paso County, Texas. Id. at 3.

On May 24, 2006, Zanios removed the case from Texas state court to the United States District Court for the Western District of Texas based on diversity jurisdiction, contending that diversity exists if the Court disregards the citizenship of Reyes. Id. at 3. Defendants claim that Reyes's citizenship should be ignored because Texas law does not permit claims for intentional infliction of emotional distress ("IIED"), or alternatively, because the conduct alleged by Plaintiff did not constitute extreme and outrageous conduct such as is required to bring an IIED claim under Texas law. Id. at 4–5. On June 23,

---

**1.** There are two defendants in the above-captioned cause. Summons for Steve Reyes has not yet been issued. Unserved defendants are not required to join in the removal petition. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n. 9 (5th Cir.1988).

**2.** Plaintiff asserts a negligence claim in her petition against "Defendants," but most of the actions that form the basis of Plaintiff's negligence cause of action center around the alleged failure to supervise and control Reyes.

Def.'s Notice of Removal, Ex. A. Pl.'s Orig. Pet. 3–4. Furthermore, in Plaintiff's Motion to Remand, she lists the causes of action found in her complaint: "Plaintiff alleged causes of action against Defendant ZANIOS for sexual harassment and sex discrimination, as well as negligence in supervision and training of Defendant REYES. She also alleged causes of action against Defendant REYES for intentional infliction of emotional distress, based on his harassing conduct toward her." Pl.'s Mot. to Remand ¶ 2.

2006, Plaintiff moved to remand the case back to Texas state court, alleging that Texas law would permit her to bring an IIED claim against Reyes, and that Reyes's conduct was outrageous enough to warrant such a claim. Pl.'s Mot. to Remand ¶ 9. The questions presented are whether Texas law permits plaintiffs to bring IIED claims against supervisors, and if so, whether Plaintiff states a claim for intentional infliction of emotional distress.

## II. STANDARD

When plaintiffs choose to file suit in state court, defendants may remove the case to federal court if there is complete diversity of citizenship among the parties involved and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441(a). Federal jurisdiction based on diversity is improper, however, if any "of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Therefore, where defendants seek removal and non-diverse defendants are present in the case, the defendants must show that complete diversity exists by demonstrating that the plaintiff has improperly joined the non-diverse defendants.

■ "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir.2004) (en banc). The removing party must prove improper joinder by clear and convincing evidence. *Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir.1990). There are two ways a removing party can establish improper joinder. It can show (1) actual fraud in a plaintiff's pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendants in state court. *Travis v. Irby*,

326 F.3d 644, 647 (5th Cir.2003). Because Defendants have not alleged actual fraud in Plaintiff's pleading of jurisdictional facts, only the latter method of establishing improper joinder is before the Court.

■ The test under the second method of establishing improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In the "reasonable basis" analysis, "all disputed questions of fact and all ambiguities in state law must be resolved in favor of the plaintiff." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir.2004). If a plaintiff has only a mere theoretical possibility of recovery under state law against non-diverse defendants, such a possibility will not preclude a finding of improper joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000).

■ To determine whether a plaintiff has a reasonable basis of recovery against an in-state defendant, "the court may 'pierce the pleadings' and consider summary judgment-type evidence." *Gray*, 390 F.3d at 405 (citing *Travis*, 326 F.3d at 648–49). In this analysis, the court "must also take into account all unchallenged factual allegations ... in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649.

## III. ANALYSIS

■ Plaintiff alleges that Reyes, her supervisor, sexually harassed her, and that Zanios, her employer, retaliated against her when she reported Reyes' conduct. Def.'s Notice of Removal, Ex. A, Pl.'s Orig. Pet. 2. Plaintiff claims that Reyes "made sexually aggressive comments" to her, "manipulated her schedule to interfere with her family obligations, and accused her of child neglect if he saw her out of the

house at night." Pl.'s Mot. to Remand ¶ 8. Defendants argue that recent Texas Supreme Court decisions preclude Plaintiff from bringing an IIED claim against her supervisor, Reyes, in Texas state court.

 The Texas Commission on Human Rights Act ("TCHRA") prohibits employers from discriminating against employees on certain specified grounds; "sexual harassment is one form of prohibited employment discrimination." *Hoffmann–La Roche Inc. v. Zeltwanger,* 144 S.W.3d 438, 445 (Tex.2004). Under Texas law, a plaintiff may not bring an IIED claim when other statutory remedies are available for the underlying conduct. *See id.* at 447 ("Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available."). The TCHRA only applies to employers. *See City of Austin v. Gifford,* 824 S.W.2d 735, 742 (Tex.App.-Austin 1992, no writ) ("The [TCHRA] does not create a cause of action against supervisors or individual employees."). However, an IIED claim based on underlying facts alleging sexual harassment is unavailable to plaintiffs under Texas law; the Texas Supreme Court has held that IIED claims premised on sexual harassment may not be brought against either an employer or a supervisor. *Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814 (Tex.2005) ("[Plaintiff's]complaints all stemmed from [her supervisor's] lewd advances.... As her complaints are covered by other statutory remedies, she cannot assert them [against her employer or her supervisor] as intentional infliction claims...."). Plaintiff does not argue that her IIED claim is based on conduct other than Reyes's alleged sexual harassment, and the facts stated in her complaint all center around the allegation that Reyes sexually harassed her during her employment at Zanios. Therefore, Plaintiff is precluded under Texas law from bringing a claim for intentional infliction of emotional distress against Reyes, as the events giving rise to her alleged injuries have other statutory remedies.

## IV. CONCLUSION

In sum, the Court finds that Zanios has demonstrated that there is no reasonable basis to predict recovery in Texas state court for Plaintiff's claims against the sole in-state defendant Reyes. Consequently, Zanios has met its heavy burden of demonstrating that Reyes was improperly joined and that complete diversity exists. As a result, this Court has subject-matter jurisdiction over the above-captioned cause. Therefore, the Court concludes that Plaintiff's Motion to Remand should be denied.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand (Docket No. 3) is **DENIED.**