United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60475
Summary Calendar

ANNIE LOVE, Personal Representative of the Estate of Damond D
Howard, Deceased; CHASITY D YOUNG, Personal Representative of the
Estate of Damond D Howard, Deceased

  Plaintiffs - Appellants

v.

FORD MOTOR COMPANY

  Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi, Aberdeen
USDC No. 1:03-CV-638

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

  Plaintiffs-appellants Annie Love and Chasity Young, personal representatives of the Estate of Damond D. Howard, appeal the district court's judgment, arguing that the district court erred by denying (1) their motion to remand and (2) their motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

amend the pleading.  For the reasons stated, we AFFIRM the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Damon Howard, a Mississippi resident, purchased a Ford Explorer XLT from Lowe Ford, Inc. ("Lowe") in June 1999.  Lowe is a Ford dealership located in Aberdeen, Mississippi.  Howard died from injuries suffered after being ejected from the vehicle during a rollover accident involving the Ford Explorer.

Annie Love and Chasity D. Young (the "plaintiffs"), as personal representatives of the Estate of Damond D. Howard, filed a wrongful death action against Lowe and Ford Motor Company ("Ford") in the Circuit Court of Monroe County, Mississippi.

Ford removed the case to the United States District Court for the Northern District of Mississippi asserting that the court had diversity jurisdiction because the plaintiffs fraudulently joined Lowe, the non-diverse defendant, in an attempt to defeat diversity jurisdiction.  The district court denied the plaintiffs' motion to remand the case to state court and dismissed all claims against Lowe, concluding that there was no possibility that the plaintiffs could establish a cause of action against Lowe in state court.

After a lengthy delay, the plaintiffs filed a motion to amend the complaint to add Lowe as a defendant and to add a new

cause of action against Ford.[1]  The district court denied the motion to amend to add Lowe as a defendant, but permitted an amendment to add new causes of action against Ford.

Plaintiffs timely appeal the district court's denial of both the motion to remand and the motion to amend.

## II. IMPROPER JOINDER

We review de novo the district court's decision to deny the plaintiffs' motion to remand.  Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005).  Improper joinder[2] may be established in two ways: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).  Only the second way is before us today, and the appropriate test is whether there is any reasonable basis for predicting that the plaintiffs might be able to recover against Lowe, the in-state defendant.  See Travis, 362 F.3d at 647.  In making that determination, we must "resolve all

---

[1] The plaintiffs filed the motion to amend over nine months after the district court dismissed Lowe from the lawsuit and more than four months after the deadline in the scheduling order.

[2] Although both the parties and the district court discuss this case in terms of fraudulent joinder, we determined, in Smallwood v. Illinois Central Railroad Co., that the proper term is "improper joinder" rather than "fraudulent joinder." 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc).

disputed questions of fact and all ambiguities in the controlling state law in favor of the non-moving party." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). The district court may resolve this issue, as it did here, by conducting a Rule 12(b)(6)-type of analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[3] Smallwood, 385 F.3d at 573.

In this case, the district court held the plaintiffs' complaint failed to allege an independent claim of negligence against Lowe. Indeed, the plaintiffs' counsel even admitted in its reply to Ford's opposition to the plaintiffs' motion for a new trial that the plaintiffs' former counsel "had inexplicably failed to allege independent negligence by the dealership, a necessary prerequisite to dealership liability under Mississippi law. The Court accordingly had no choice but to dismiss the action against the dealership based on the pleading." 16 R. 3880. Thus, the plaintiffs have affirmatively waived their argument that the allegations in the complaint provide a reasonable basis for predicting that they could recover against Lowe. We hold, therefore, that the district court did not err in

---

[3] In most cases, there is no improper joinder if a plaintiff can survive a Rule 12(b)(6) challenge. See Smallwood, 385 F.3d at 573. The court may however, in its discretion, also "pierce the pleadings and conduct a summary inquiry" to determine whether a plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." Id.

denying the plaintiffs' motion to remand.

### III. AMENDMENT OF COMPLAINT

We review for abuse of discretion a district court's denial of a motion to amend a complaint. S&W Enters., L.L.C. v. Southtrust Bank of Alabama, N.A., 315 F.3d 533, 535 (5th Cir. 2003). Because the district court entered a scheduling order, a request to amend the pleadings is governed by Federal Rule of Civil Procedure 16(b), which requires good cause to amend a pleading after the date entered on the scheduling order. FED. R. CIV. P. 16(b); S&W Enters., L.L.C., 315 F.3d at 535. To establish good cause, the party seeking relief must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (3d ed. 2004).

The plaintiffs in this case did not exercise diligence. The plaintiffs moved to amend the complaint over nine months after Lowe was dismissed from the case and more than four months past the deadline in the scheduling order. The plaintiffs' motion to amend did not establish that the plaintiffs acted with diligence nor did it otherwise explain the lengthy delay in seeking to amend the complaint as to Lowe. Thus, the district court did not abuse its discretion by refusing to grant plaintiffs' motion to amend. See S&W Enters., L.L.C., 315 F.3d at 535 (holding that the district court did not abuse its discretion by refusing to

5

allow the plaintiff to amend the complaint when the plaintiff offered no reason for the delay and significant time had passed after the scheduling order's deadline for pleading amendments).

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.