Diane GRIFFIN, Plaintiff,

v.

DOLGEN CORP., INC.; Cheryl
Peacock; and John Does
I–V, Defendants.

No. CIV.A.3:00CV982BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

May 14, 2001.

Edward Blackmon, Jr, Adrienne A. Hooper, Blackmon & Blackmon Law Firm, Canton, MS, for Diane Griffin, plaintiffs.

James P. Streetman, III, Clark, Scott & Streetman, Jackson, MS, J. Franklin Williams, Spicer, Flynn & Rudstrom, Oxford, MS, for Dollar General Corporation.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiff to Remand to the Circuit Court of Holmes County, Mississippi. Having considered the Motion, the Response, and the Rebuttal, the Court finds that the Motion is not well taken and should be denied.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In this law suit, Plaintiff Diane Griffin ("Griffin") alleges that she sustained injuries when she slipped and fell while shopping in a store owned by Defendant Dolgen Corp., Inc. ("Dollar General"). According to Griffin, her fall was caused by a slippery substance that was on the floor of the store. On October 4, 2000, Griffin filed suit in the Circuit Court of Holmes County, Mississippi naming Dollar General as well as the store manager, Cheryl Peacock ("Peacock"), as Defendants. Defendants removed the case to this Court, and Griffin has timely filed this Motion to Remand.

## II. *ANALYSIS*

In the Motion to Remand, Griffin asserts that complete diversity does not exist in this matter as she is a resident of Mississippi, Defendant Dollar General is a Tennessee corporation, and Defendant Peacock is a Mississippi resident. Dollar General responds that complete diversity does exist because Peacock has been fraudulently joined. Specifically, Dollar General asserts that in a premises liability action such as this, a cause of action does not exist in Mississippi against the store manager, but rather the liability, if any, is borne solely by the owner of the premises, in this case Dollar General. Dollar General further argues that even if a cause of action does exist against a store manager in Mississippi, Griffin has not sufficiently plead such a claim against Peacock.

 The removing party, in this case Dollar General, bears the burden of establishing that the non-diverse Defendant, Peacock, was fraudulently joined. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.1990) (citing *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989)). The standard for judging fraudulent joinder claims is whether, "[a]fter all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party,...that party has any possibility of recovery against the party whose joinder is questioned." *Carriere*, 893 F.2d at 100 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir.1981)). Thus, the question before the Court is whether Dollar General has demonstrated either: (1) that there is no possibility that Griffin can recover from Peacock under Mississippi law; or (2) that if recovery is possible under Mississippi law, Griffin has not sufficiently stated a claim against Peacock.

To the Court's knowledge, the Mississippi Supreme Court has never directly held that a store manager, in addition to the store owner, can be personally liable for injuries that a customer sustains while in the store. The most analogous case that the Court has been able to locate is *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283 (Miss.1986), in which the plaintiff slipped and fell in the aisle of a grocery store. According to the plaintiff, he slipped in a puddle of pink liquid of unknown origin that was on the floor of the store. In addition to suing the owner of the store, the plaintiff also named the manager of the store as a defendant.

The trial court granted a judgment not withstanding the verdict for all defendants on the basis that there was no evidence of how the substance got on the floor, how long it had been there, or whether the defendants had any knowledge that the liquid was there. *Id.* at 285. In affirming the ruling of the trial court, the Mississippi Supreme Court made the following statement:

> In Mississippi, an owner, occupant, *or person in charge of a premises* owes to an invitee or business visitor a duty to exercise ordinary care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care.

*Id.* (emphasis added) (citing *Wilson v. Allday*, 487 So.2d 793 (Miss.1986); *Downs v. Corder*, 377 So.2d 603 (Miss.1979); *J.C. Penney Co. v. Sumrall*, 318 So.2d 829 (Miss.1975)). Accordingly, the issue before the Court is whether the language "or person in charge" was intended to create liability for a store manager in addition to the owner of the store.

 The Court finds that such was probably not the intent of the Mississippi

Supreme Court. First, the opinion in *Dixieland Food* is a 1986 decision. In the approximately fifteen years that have passed, the Mississippi Supreme Court has never ruled or even intimated that this holding creates liability for a store manager. Second, to saddle a store manager with personal liability in a case such as this, where there is no evidence that the slippery substance on the floor is attributable to an act of the manager, would essentially make the store manager the personal guarantor of each customer's safety. The Court is of the opinion that liability, if any, more properly belongs to the store owner who is in a better position through protections such as insurance to bear the cost of such suits.

Ultimately, this determination of Mississippi law, obviously, is the province of the Mississippi Supreme Court. However, as that court has not had the opportunity to rule on the issue, this Court must predict the outcome were the Mississippi Supreme Court faced with this question. For the above stated reasons, this Court believes that the Mississippi Supreme Court would not find liability on the part of the store manager under this set of circumstances. Accordingly, the Court finds that a possibility of recovery does not exist against Peacock, and the Motion to Remand is denied.

### III. *CONCLUSION*

Based upon the reasoning set forth in this Opinion and Order:

IT IS THEREFORE ORDERED that the Motion to Remand of Plaintiff [3–1] is hereby denied.