# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-60497

DONNA SMITH; DAN SMITH

Plaintiffs–Appellants

v.

PETSMART INC; CHRISTINA MURRY; JOHN DOES

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-530

Before GARZA, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Donna Smith and Dan Smith appeal the district court's denial of their motion to remand, dismissal of Christina Murry, and grant of summary judgment in favor of Petsmart, Inc. We reverse the district court's denial of the motion to remand, vacate the grant of summary judgment, and remand to the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Donna Smith and her husband, Dan Smith, were shopping for dog food at a Petsmart store in North Jackson, Mississippi. Donna Smith was carrying a bag of dog food when she decided to retrieve another bag. After picking up a second bag, Donna Smith turned around to head toward the checkout counter. At some point after she began walking, she tripped over the prongs of a forklift and fractured her ankle. The forklift was parked and unattended in the middle of an aisle of the store.

The Smiths, Mississippi residents, filed a negligence suit against Petsmart, Christina Murry, and John Does in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Petsmart, a Delaware corporation with its principal place of business in Arizona, and Murry, a Petsmart manager and Mississippi resident, removed the case to the United States District Court for the Southern District of Mississippi on diversity grounds. The defendants contended that Murry was improperly joined. The Smiths filed a motion to remand to the state court contending that Murry's presence destroyed complete diversity and therefore that removal jurisdiction was improper. The district court denied the Smiths' motion to remand and dismissed Murry from the case for improper joinder. The district court then granted summary judgment in favor of Petsmart. The Smiths now appeal the denial of their motion to remand and the district court's grant of summary judgment.

II

The Smiths first challenge the district court's denial of their motion to remand and dismissal of Murry from the case. We review the denial of a motion to remand de novo. Holmes v. Atl. Sounding Co., Inc. 437 F.3d 441, 445 (5th Cir. 2006).

In particular, the Smiths complain of the district court's ruling that Murry

was improperly joined to defeat diversity jurisdiction. The removing party bears the burden of demonstrating improper joinder, and this burden is a heavy one. See Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting Travis, 326 F.3d at 646-47). The defendants do not dispute that both the Smiths and Murry are Mississippi residents. Therefore, we focus on the second method of establishing improper joinder.

Under this method,

> [t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical.

Travis, 326 F.3d at 648 (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).[1] The district court may resolve this issue in one of two ways. First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. In cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court may, in its discretion, pierce the pleadings and

---

[1] Prior to Smallwood our opinions stated what seemed to be differing standards for this inquiry. In Smallwood, an en banc panel of this court recognized the Travis formulation as the proper one. See Smallwood, 385 F.3d at 573.

conduct a summary inquiry." Id. In this inquiry, the court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." Travis, 326 F.3d at 648-49. All disputed issues of fact and any ambiguities of state law must be resolved in the Smiths' favor. Id. at 649.

In their complaint, the Smiths contend that Murry was the manager responsible for the Petsmart employees and premises on the date of the accident. They allege that she was negligent for failing to maintain the store properly and avoid the existence of hazards, failing to provide a safe premises for customers, failing to warn of the hazard, failing to place warning signs near the hazard, and failing to control and supervise employees. Petsmart contends that this is a case in which the court must pierce the pleadings to determine the propriety of joinder because the Smiths misstated facts in their complaint concerning whether Murry was in charge of the premises.

Mississippi law is unclear on the issue of whether a store manager, in addition to a store owner, can be personally liable in premises liability cases. The Mississippi Supreme Court has stated that "the owner, occupant, or person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning [the] invitee of dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable care." Mayfield v. The Hairbender, 903 So. 2d 733, 735-36 (Miss. 2005) (en banc) (quoting Wilson v. Allday, 487 So. 2d 793, 795-96 (Miss. 1986)) (quotations omitted) (emphasis added) (alterations in original). The Smiths contend that a store manager is a "person in charge" and therefore owes premises-liability duties to invitees. Two district courts that have considered

this question have come to differing conclusions.[2] However, because we must "resolve all uncertainties [in the relevant state law] in favor of the non-moving party," Cavallini v. State Farm Mut. Auto Ins., 44 F.3d 256, 259 (5th Cir. 1995), we assume that under Mississippi law a store manager may qualify as a "person in charge of premises." Assuming that a store manager may qualify as a person in charge, the question before us is whether the Smiths established a reasonable possibility of recovery against Murry based on the fact that she was a person in charge of Petsmart's premises. We believe that the Smiths' claim establishes a reasonable possibility of recovery.

The district court pierced the pleadings in this case and looked at record evidence to determine whether the Smiths had a reasonable possibility of recovery. We assume, without deciding, that the district court acted within its allowable discretion in piercing the pleadings.[3] Even taking into consideration the evidence before the district court, we cannot agree with the district court's resolution of the remand issue.

At the time the district court ruled on the motion to remand, the Smiths had not submitted to the court any evidence other than their complaint. The

---

[2] Compare Griffin v. Dolgen Corp., 143 F. Supp. 2d 670, 671-72 (S.D. Miss. 2001) ("[T]his Court believes that the Mississippi Supreme Court would not find liability on the part of the store manger under this set of circumstances."), with Holt v. Cato Corp., No. 4:99:CV:109, 1999 U.S. DIST. LEXIS 20205, at *4-9 (N.D. Miss. 1999) (mem. op.) ("The court finds that [the store manager's] supervisory responsibility gives rise to the possibility of a viable state law claim of negligence for failing to maintain reasonably safe premises or to warn of latent dangers and/or to supervise other store employees, with respect to maintenance of safe premises and warning of latent dangers.").

[3] In Smallwood, we stated:
Ordinarily, if a plaintiff can survive a 12(b)(6) challenge there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. . . [W]e caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery.
Smallwood, 385 F.3d at 573.

defendants submitted the affidavit of Murry.[4] In denying the motion to remand, the district court recognized that a plaintiff may not rely solely on the allegations in the complaint, and that the Smiths had not produced any evidence to counter that produced by Murry and Petsmart. However, based on the assumption we must make under Mississippi law, that a store manager may be held liable for negligence as a "person in charge" of the premises, the Smiths did not need to submit further evidence in order to sustain a reasonable possibility of recovery. In making this observation, we bear in mind that the removing party bears the heavy burden of establishing the impropriety of joinder. Travis, 326 F.3d at 649. Even considering Murry's affidavit, factual issues remain as to whether she could be considered a "person in charge" of Petsmart's premises. The pertinent evidence before the district court was as follows:

In their complaint, the Smiths allege that "the Petsmart employee or employees operating the forklift were at all times under the supervision of the store manager C. Murry and were acting upon his [sic] orders and directions" and that "Murry is a store manager of PetSmart, Inc. charged with the responsibility of supervision of the Defendant, PetSmart's employees and controls the premises within the PetSmart building."

In Murry's affidavit, she states that she is a "front end manager" at Petsmart. Murry also avers that on the night of Donna Smith's injury, she was the only manager on duty in the store. Murry states that she did not cause the forklift to be in the aisle, did not instruct any employee to put the forklift in the aisle, and had no knowledge that the forklift was in the aisle until after the accident. She also states that it was not within her job description or

---

[4] The parties dispute whether Murry's deposition, taken after the district court ruled on the motion to remand, can be considered in evaluating the district court's decision on the remand issue. We limit ourselves to the evidence before the district court when it made its ruling, see Topalian v. Ehrman, 954 F.2d 1125, 1131-32 n. 10 (5th Cir. 1992) (noting that a court's inquiry in reviewing summary judgment is limited to the record before the trial court), and therefore do not consider Murry's deposition.

responsibilities "to supervise and instruct the forklift operator in terms of movement and operating the machine."

One of these facts is critical: Murry admits that she was the only manager on duty at the Petsmart when the plaintiff was injured. In light of this admission, Murry's statement that she was a "front end manager," not the type of manager charged with overseeing use of the forklift, creates a factual ambiguity which we must resolve in the Smiths' favor. We analyze the court's diversity jurisdiction by a "simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined." Smallwood, 385 F.3d at 574. Anything more "carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits." Id. It is improper, at this stage, to judge the viability of the Smiths' claims by attempting to distinguish between the alleged duties of a so-called "front end manager" and any other sort of manager. "Unless it is clear that the non-diverse defendants have been [improperly] joined the case should be remanded to the state court form which it was removed." McKee v. Kan. City. S. Ry. Co., 358 F.3d 329, 337 (5th Cir. 2004) (emphasis added). On a motion to remand, the question is not whether the Smiths ultimately will prevail, but whether there exists a reasonable possibility of recovery. Based on Murry's admission that she was the only manager on duty, there is a reasonable possibility that a fact finder would consider Murry a "person in charge of the premises" of the Petsmart when Mrs. Smith tripped over the forklift. Accordingly, the action must be remanded to the state court for resolution of the merits of the Smiths' claims.

Because we hold that a remand to state court is required in this case, the district court lacked jurisdiction to grant summary judgment in favor of Petsmart. Therefore, we VACATE the district court's grant of summary judgment. We REVERSE the district court's judgment on the motion to remand and REMAND for further proceedings consistent with this opinion.

7