Gary and Tanya **MESSERSMITH**
d/b/a Jeff and Jan's Coin
Laundry, Plaintiff,

v.

**NATIONWIDE MUTUAL FIRE
INSURANCE CO.** and Felicia
A. Zimmer, Defendant.

No. 3:13–CV–4101–P.

United States District Court,
N.D. Texas,
Dallas Division.

Signed April 7, 2014.

Mark S. Humphreys, Law Office of Mark S. Humphreys, Grand Prairie, TX, for Plaintiff.

Christopher W. Martin, Martin Disiere Jefferson & Wisdom LLP, Dallas, TX, Patrick M. Kemp, Martin Disiere Jefferson & Wisdom, Houston, TX, Robert R. Russell, Martin Disiere Jefferson & Wisdom, Austin, TX, for Defendant.

## ORDER

JORGE A. SOLIS, District Judge.

Now before the Court is Plaintiff's Motion to Remand, filed on October 14, 2013. Doc. 5. Defendant filed a Response on November 4, 2013. Doc. 8. After reviewing the parties' briefing, the evidence, and the applicable law, the Court DENIES Plaintiff's Motion to Remand.

### I. Background

Plaintiff Jeff and Jan's Coin Laundry ("Coin Laundry") filed a petition in Texas state court, alleging that Defendant Nationwide Mutual Fire Insurance Co. ("Nationwide") refused to pay out an insurance policy improperly. The insurance policy covered Coin Laundry's premises that were damaged by a hail storm in 2013. Doc. 1–1 at 3. Nationwide sent Felicia Zimmer, a claims adjuster and Defendant to this suit, to inspect the damage. Zimmer reportedly "agreed there was damage to the roof but stated the damage was cosmetic." Doc. 1–1 at 3. As a result, Nationwide denied Plaintiff's insurance claim as uncovered. Doc. 1–1 at 3. Based on these events, Plaintiff alleges that Defendants violated a multitude of laws: Tex. Ins.Code § 541.060; the Prompt Payment of Claims Act, Tex. Ins.Code § 542.060; the Texas Deceptive Trade Practices Act ("DTPA), see Tex. Bus. & Com. § 17.46; and the common law, for breach of contract, negligence, and fraud.

Nationwide removed the suit from state court on October 10, 2013, arguing that the case could be removed under diversity jurisdiction. Doc. 1. The parties do not dispute the amount in controversy. What they do dispute is whether the parties are actually diverse. While Jeff and Jan's Coin Laundry is diverse from Nationwide, it and Felicia Zimmer are both domiciliaries of Texas—a fact that Nationwide acknowledges in its Notice of Removal. Nationwide insists that removal is still permissible because Zimmer is an improperly joined party to the suit.

### II. Legal Standard & Analysis

#### A. Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where there is diversity of citizenship between the parties and the sum or value of the case is above $75,000 exclusive of interest or costs. 28 U.S.C. § 1332(a). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reins. Co. Ltd. v. Greenberg, 134 F.3d

1250, 1253 (5th Cir.1998). The court's analysis must be based on jurisdictional facts as of the time the complaint is filed. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

■ However, "[a] district court shall not have jurisdiction of a civil action in which any party ... has been improperly or collusively made or joined to invoke the jurisdiction of the court." 28 U.S.C. § 1359. A defendant can establish improper joinder one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R. Co.* 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir.2003)). Under the second approach, a district court must conclude "that there is no reasonable basis ... to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The usual way of determining that is to "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

## B. Analysis

■ The only issue in dispute is whether Zimmer, a domiciliary of Texas, is a properly joined defendant to this suit.[1] Nationwide argues that there is no reasonable basis to believe that Jeff and Jan's Coin Laundry will be able to recover from Zimmer. And it is right; none of the claims provide a basis to recover from Zimmer.[2]

A few of the claims clearly cannot allow recovery against Zimmer. First, the Prompt Payment of Claims Act applies only to insurers. *See* Tex. Ins.Code § 542.060(a) (limiting the relevant law to insurers). Zimmer is not an insurer so she cannot be held liable under it. Second, the state court petition makes clear that any contract that Coin Laundry had was with Nationwide, not with Zimmer. So no breach of contract claim can be asserted against Zimmer. Third, Coin Laundry's negligence claim depends on the allegation that "Defendants owed a duty to Plaintiffs when Defendants took money from Plaintiffs for liability insurance, to provide Plaintiffs with the insurance coverage purchased." Doc. 1–1 at 5. As an adjuster, Zimmer would not have been in-

---

1. Plaintiff's state court petition alleges that the damages are between $100,000 and $200,000, Doc. 1–1 at 2, satisfying the amount-in-controversy requirement. Nationwide states it is a corporation organized under the laws of Ohio and maintains a principal place of business there, Doc. 1 at 3, which has gone uncontested.

2. In Plaintiff's Motion for Remand, Coin Laundry claims to have "alleged three causes of action wherein a reasonable basis exists Plaintiffs [sic] might be able to recover from Defendant Zimmer." Doc. 6 at 2. It then delineates three factual claims, some of which is not included in its original state court petition, *see e.g.* Doc. 6 at 2 ("Defendant Zimmer refused to conduct a reasonable inspection of Plaintiffs' premises but instead had a teenage inspect for her while Defendant Zimmer sat

in her car."), and other parts which flatly contradict the allegations in the state court petition, *compare* Doc. 1–1 at 4 ("[Zimmer told] Plaintiffs that the damage Defendant Zimmer saw and conceded was caused by the hail storm was only cosmetic in nature when in fact there was leaking resulting from the damage.") with Doc. 6 at 2 ("Defendant Zimmer agrees that there is damage to Plaintiffs' roof but assert as a fact that the damage is only cosmetic, not caused by hail damage."). The Court cannot accept assertions in their motion as part of the allegations. *Cf. Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1018 (5th Cir.1996) (limiting materials to be considered on a motion to dismiss to allegations in complaint, attached documents, and facts taken by judicial notice).

volved in taking money for the insurance and consequently did not owe Coin Laundry the type of duty they allege here. Fourth, Coin Laundry's fraud allegation depends on the allegation that "Defendants represented to Plaintiffs that if Plaintiffs gave money to Defendants, that Defendants would provide insurance to Plaintiffs." Doc. 1–1 at 5. Again, on the terms of the petition, Zimmer was uninvolved in providing insurance so she cannot be liable under this theory. Fifth, Coin Laundry's DTPA claims fail for the same reason: the allegations revolve around the sale and provision of insurance for hail damage that Zimmer was entirely unrelated to.

The closest viable claim in Coin Laundry's petition is set out in a section on how Zimmer specifically violated the Texas Insurance Code. Texas law does permit adjusters like Zimmer to be held individually liable for violations of the Texas Insurance Code. See Tex. Ins.Code § 541.002(2) (defining "person" to include "adjuster"); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir.2004) ("The Texas Supreme Court has held that an insurance company employee who in the course of his employment engages in the business of insurance is a 'person' whose conduct is regulated [by the] Texas Insurance Code and who is subject to liability thereunder for his violations thereof.") (citing *Liberty Mutual Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482 (Tex.1998)). But for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage.

Indeed, none of its three claims under the Insurance Code are viable. The first claim is that Zimmer violated Tex. Ins. Code § 541.060(a)(1), which prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." The alleged misrepresentations were that "there was no damage to [Coin Laundry's] roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage." Doc. 1–1 at 4. The problem with Coin Laundry's allegations is that the statements do not "relate[ ] to coverage at issue." The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage. Zimmer would have had to represent that Coin Laundry "would receive a particular kind of policy that it did not receive" or "denied coverage against loss under specific circumstances that it previously had represented would be covered." *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir.1994) (citing *Parkins v. Tex. Farmers Ins. Co.*, 645 S.W.2d 775, 776–77 (Tex.1983); *Emp'rs Casualty Co. v. Fambro*, 694 S.W.2d 449, 452 (Tex.Ct.App.1985)). Here, the misrepresentation is not about the breadth or existence of coverage, it is about the facts that gave rise to a policy claim. That is not the type of misrepresentation that § 541.060(a)(1) protects against.

The second claim is that Zimmer violated Tex. Ins.Code § 541.060(a)(2), which prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement" of claims where the insurer's liability is reasonably clear. In essence the section forces insurance companies to pay a claim when the evidence is "reasonably clear" that it must. Zimmer cannot be held liable under this section because, as an adjuster, Zimmer does not have settlement authority on behalf of Nationwide; her sole role is to assess the damage. Consequently, this fails to state a claim against her.

The third claim is that Zimmer violated Tex. Ins.Code § 541.060(a)(7), which prohibits "refusing to pay a claim without

conducting a reasonable investigation with respect to the claim." Like the previous claim, the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

So even though an individual can be liable under the Texas Insurance Code, all of the statutes that Coin Laundry cites prohibit behavior that Zimmer had no part of. Without any valid claim stated against Zimmer, the Court concludes that Zimmer is an improperly joined party. Eliminating Zimmer from the suit creates diversity of citizenship between Coin Laundry and Nationwide, satisfying the requirements of diversity jurisdiction. Removal, therefore, was proper.

### III. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**